UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60324-SMITH/AUGUSTIN-BIRCH

**LIDWIN JULIANA MENDES,**

    **Plaintiff,**

v.

**ENDOCRINOLOGY & DIABETES
ASSOCIATES, P.A. and VIVIAN ROSE,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION ON JOINT MOTION TO REVIEW
AND APPROVE FLSA SETTLEMENT AND DISMISS ACTION WITH PREJUDICE**

This cause comes before the Court on the parties' Joint Motion to Review and Approve FLSA Settlement and Dismiss Action with Prejudice. DE 34. The Honorable Rodney Smith, United States District Judge, referred the Joint Motion to the undersigned United States Magistrate Judge. DE 35. The Court has carefully considered the Joint Motion and the record and is otherwise fully advised in the premises. The Court **RECOMMENDS** that the Joint Motion be **GRANTED**.

Plaintiff Lidwin Juliana Mendes filed this action against Defendants Endocrinology & Diabetes Associates, P.A. and Vivian Rose, her former employers. DE 1. Plaintiff alleged that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay full overtime wages. *Id.* Under the terms of the parties' Settlement Agreement, Plaintiff will receive $15,000, with $7,250 representing overtime wages,[1] $7,250 representing liquidated damages, $250 representing consideration for the general release and the no-rehire provision in the Settlement Agreement, and

---

[1] In the Joint Motion, the parties state that "Plaintiff is receiving more than 80% of her claimed wages." DE 34 at 1. That statement is untrue based on Plaintiff's Statement of Claim, which claimed $18,434.14 in unpaid wages. DE 7-1.

$250 representing consideration for the non-disparagement provision in the Settlement Agreement.  DE 34-1 at 3.  Plaintiff's counsel will receive $15,600 for fees and costs.  *Id.*

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982).  In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute.  *Id.* at 1355.  The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.  *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

In the Joint Motion, the parties state that they had the assistance of counsel experienced in litigating FLSA claims, and their counsel vigorously advocated for them.  DE 34 at 5.  Prior to settling, the parties exchanged sufficient information and documentation to permit them to adequately investigate and analyze Plaintiff's claim.  *Id.*  Defendants continue to deny that Plaintiff worked any overtime hours, and thus there exists a bona fide dispute over Defendants' liability and Plaintiff's damages.  *Id.* at 1–2.  The parties agreed to settle to avoid the risks and costs of continued litigation.  *Id.* at 2–3, 5.  Counsel agree that the settlement is fair and reasonable and that they reached it after arms-length negotiations with no collusion.  *Id.* at 2–3.

The Court has considered the parties' arguments and has conducted its own review of the record.  The Court notes that the parties notified the Court of their settlement approximately three months after Plaintiff commenced this case, likely before meaningful discovery had begun and before any mediation, settlement conference, or substantive motion practice.  The parties' early

settlement avoided additional accumulation of fees and costs.  Both parties had the assistance of counsel in resolving this case, and the Court has no reason to suspect that the settlement is a product of fraud or collusion.  The Court concludes that application of the *Leverso* factors to this case demonstrates that the parties' settlement is fair and reasonable.

The Settlement Agreement contains two general release provisions.  DE 34-1 at 4–5, 7–8.  A general release seeks to release claims not asserted in the pleadings.  *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010).  Some courts decline to approve FLSA settlement agreements that contain general releases.  *E.g., Vega v. Ya Guan USA LLC*, No. 19-24902-CIV, 2021 WL 8946186, at *2 (S.D. Fla. Aug. 24, 2021); *Moreno*, 729 F. Supp. 2d at 1352 ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate.").  A court may approve a general release if the plaintiff is given additional consideration for the release beyond what the plaintiff is entitled to under the FLSA.  *Vega*, 2021 WL 8946186, at *2.

Here, Plaintiff is receiving additional consideration for the general release.  DE 34-1 at 3.  The Court also notes that the general releases bind each of the parties and that the parties have received the advice of experienced FLSA counsel.  Under these circumstances, the Court concludes that the general release provisions are fair and reasonable.

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement."  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).  Plaintiff's counsel will receive $15,600 for fees and costs.  DE 34-1 at 3.  The parties state that they negotiated counsel's fee payment separately from Plaintiff's recovery.  DE 34 at 2, 6.

Plaintiff's counsel attached billing records to the Joint Motion. DE 34-2. The billing records reflect costs of $529 and fees of $19,609 incurred for 47.7 hours of work at a rate of $400 per hour. *Id.* at 3. Subtracting the costs from the total fee payment, the fee payment will compensate counsel for $15,071 of the fees he contends he incurred ($15,600 - $529).

This Court previously has recommended that $375 is a reasonable hourly rate for Plaintiff's counsel, Attorney Elliot Kozolchyk. *Keefe v. Britt's Bow Wow Boutique, Inc.*, No. 0:22-CV-62138, 2024 WL 1286139, at *6 (S.D. Fla. Mar. 11, 2024), *report & recommendation approved*, 2024 WL 1285203 (S.D. Fla. Mar. 26, 2024); *Santiago v. Peacock's 17, LLC*, No. 0:22-CV-62272, 2024 WL 582880, at *3 (S.D. Fla. Jan. 29, 2024), *report & recommendation approved*, 2024 WL 580358 (S.D. Fla. Feb. 13, 2024). Following the analysis in *Keefe* and *Santiago*, the Court concludes that $375 is a reasonable hourly rate for the purpose of reviewing the reasonableness of the fee payment in this case.

The Court questions the reasonableness of many of the entries in counsel's billing records, such as entries where counsel billed in separate increments to read separate text messages and where counsel billed at least 0.1 hours to review very brief docket entries. *See Slutsky v. Plotkin*, No. 23-CV-61416, 2023 WL 9183689, at *1 (S.D. Fla. Dec. 21, 2023) (concluding that separate billing entries for reviewing text messages and billing entries of 0.1 hours for every filing regardless of its substance or content were unreasonable and excessive). Nevertheless, even utilizing $375 as a reasonable hourly rate, the fee payment does not compensate counsel for all of the time he maintains he worked on this case. Counsel will be compensated for approximately 40.2 hours of work ($15,071 ÷ $375), rather than the 47.7 hours he billed. The Court believes that this reduction in hours fairly accounts for counsel's unreasonable billing entries. The Court concludes that the payment to be made to Plaintiff's counsel under the Settlement Agreement for fees and costs is reasonable.

4

The Court has reviewed the remaining clauses of the Settlement Agreement. They include various standard provisions. *See* DE 34-1. The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

Accordingly, the Court recommends that the Joint Motion to Review and Approve FLSA Settlement and Dismiss Action with Prejudice [DE 34] be **GRANTED** and that the Settlement Agreement [DE 34-1] be **APPROVED**. As the parties have conditioned their settlement on retention of jurisdiction, the Court recommends that jurisdiction be retained to enforce the terms of the Settlement Agreement. The Court further recommends that this case be **DISMISSED WITH PREJUDICE**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 19th day of July, 2024.

                                                PANAYOTTA AUGUSTIN-BIRCH
                                                UNITED STATES MAGISTRATE JUDGE